[No. 19262. Department Two. January 11, 1926.]

THE STATE OF WASHINGTON, *Respondent,* v. LUTHER NEADEAU, *Appellant.*[1]

[1] CRIMINAL LAW (182)—EVIDENCE—VENUE—SUFFICIENCY. After verdict, it will be held that the venue was sufficiently proved by evidence that the offense was committed at Pinehurst in the county where the trial was held.

[2] SAME (183)—EVIDENCE—IDENTITY OF ACCUSED—SUFFICIENCY. The identification of accused is sufficient where witnesses pointed out the accused in the court room as the man whom they saw committing the offense.

[3] SAME (305)—INSTRUCTIONS—APPEARANCE AND DEMEANOR OF ACCUSED. In a criminal case it is proper to instruct the jury that they may take into consideration the appearance and demeanor of the accused on the witness stand.

[4] SAME (298)—INSTRUCTIONS—INFLUENCE OF ARGUMENTS OF COUNSEL. In a criminal case it is proper to instruct that the jury should disregard any statement made by either counsel, unless it is borne out by the testimony.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered December 24, 1923, upon a trial and conviction of driving an automobile while intoxicated. Affirmed.

[1] Reported in 242 Pac. 36.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

*C. T. Roscoe, Charles R. Denney,* and *John C. Richards,* for respondent.

MAIN, J.—The defendant was charged, tried and convicted of driving an automobile while intoxicated, and from the judgment entered upon the verdict appeals.

[1] It is first claimed that the venue was not sufficiently proven. The trial was being had in Snohomish county, and there was evidence that the offense was committed at Pinehurst in that county. The question was not raised until after verdict and upon motion for a new trial. To now hold, when no substantial right of the appellant has been invaded, that the venue was not sufficiently proven seems to us would be too technical.

[2] It is next contended that there was not sufficient identification of the appellant as the one committing the offense. Upon the trial three witnesses testified upon this matter, one as follows: "Q. Did you see the driver? A. Yes, sir, I did. Q. Who was he? A. This gentleman sitting right here, Mr. Neadeau. Q. The defendant, you mean? A. Yes." The testimony of the other two witnesses was to the same effect. The identification was sufficiently established.

[3, 4] The next complaint is as to two instructions. One embodied the thought that the jury in weighing the testimony of witnesses had a right to take into consideration his appearance and demeanor upon the witness stand, the other, that the jury should disregard any statement made by counsel upon either side of the case as to what the testimony was, unless such statement was borne out by the evidence. These are instructions which are practically universally given and are intended to guide the jury in their deliberations.

They are proper instructions to give, and we cannot see any possible objection to them.

The judgment will be affirmed.

Tolman, C. J., Mitchell, Mackintosh, and Parker, JJ., concur.