[No. 20321.   Department Two.   April 18, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. DAN KIMBALL, *Appellant*.[1]

[1] BURGLARY (6)—INFORMATION—REQUISITES—ALLEGATION OF OC-
CUPANCY. An information for burglary of a dwelling house,
alleging the occupancy of the house for a dwelling, is sufficient
without allegation as to the ownership of the house.

[2] CRIMINAL LAW (298)—INSTRUCTIONS—INFLUENCE OF ARGUMENTS
OF COUNSEL. Error cannot be assigned upon an instruction to
disregard any statement made by counsel unless borne out by
the evidence.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered January 29,
1926, upon a trial and conviction of burglary. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

*C. T. Roscoe, John C. Richards,* and *Charles R. Den-
ney,* for respondent.

MACKINTOSH, C. J.—The information upon which the
appellant was tried and convicted of burglary con-
tained the allegation that the appellant entered in the
night-time

". . . the dwelling house of a party whose true
name is unknown to this prosecuting attorney except
the name of 'Frank,' in which there was at the time a
human being, . . ."

[1] It is contended by the appellant that the allega-
tion of ownership of the dwelling was insufficient and
that there was no evidence that the place entered was a
dwelling. The authorities are that, where the true
name of the owner of property entered by a burglar is
unknown, it is not necessary to state the ownership,

¹Reported in 255 Pac. 122.

but that it must be stated that the ownership is not known. 9 C. J. 1043; 4 R. C. L. 432.

It is true that the state did not attempt to prove who had the legal title to the building, and this was unnecessary, for occupancy is the element which must be alleged and proved, and the testimony in this case shows that the house was occupied at the time of the entry by a person who bore the name of "Frank" and was being used by him at that time as a place to live in. Possession is enough as against burglars, and this is true even though the possession may be wrongful. Wharton's Criminal Law (11th ed.), vol. 2, § 1018; McClain on Criminal Law, vol. 1, § 508; *Lewis v. State,* 85 Miss. 35, 37 South. 497; *Favro v. State,* 39 Tex. Cr. 452, 46 S. W. 932; 9 C. J. 1044.

[2] Another error is predicated upon an instruction given by the court in which the jury were told that they should disregard any statement made by counsel, unless borne out by the evidence. A fair interpretation of this instruction is that the jury were not to regard any statement made by counsel upon either side as to what the evidence was unless that statement was borne out by the evidence itself. This is an instruction which is repeatedly given and is not subject to criticism when properly interpreted. *State v. Burton,* 27 Wash. 528, 67 Pac. 1097; *State v. Lance,* 94 Wash. 484, 162 Pac. 574; *State v. Neadeau,* 137 Wash. 297, 242 Pac. 36.

Finding no error, the judgment is affirmed.

PARKER, TOLMAN, and ASKREN, JJ., concur.