## STATE EX REL. DONALD K. EDBERG v. RALPH H. TAHASH.

143 N. W. (2d) 825.

June 24, 1966—No. 40,160.

---

[8] Annotation, 125 A. L. R. 879, 882.

*Donald K. Edberg,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying a petition for a writ of habeas corpus.

The defendant was charged by complaint in the municipal court of Minneapolis with abnormal sex conduct within the proscription of Minn. St. 617.14.[1] He waived preliminary hearing and on the same day an information was filed in the district court charging him with the same offense. He entered a plea of guilty in the district court and on examination prior to sentence, after having admitted three prior convictions including car theft, burglary, and armed robbery, the following colloquy occurred between the public defender, the court, and the defendant:

By Mr. Lohmann (public defender):

"Q    And you are now on parole from San Quentin where you were serving time for [armed robbery]?

"A    That is correct.

"Q    Now, there is no question but what you are guilty of this offense with what you are charged with here of having committed on February

---

[1] Minn. St. 617.14 provides: "A person who carnally knows in any manner any animal or bird, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge; or attempts sexual intercourse with a dead body, is guilty of sodomy, and is punishable with imprisonment in the state prison for not more than 20 years, and any sexual penetration, however slight, shall be sufficient to complete the crime."

20th, 1941, when you were charged—strike that. I mean on October the 17th, 1951?

"A   To my great shame, it is correct.

\*   \*   \*   \*   \*

"Q   There is no question but what you committed the offense on the day set forth in the information with that boy?

"A   Yes. I gave a statement, which is accurate in every detail.

"Q   You made a statement as to all the offenses?

"A   Yes.

"Q   You wanted to clean up the whole thing?

"A   Yes. It has been on my mind for six and a half years.

"Q   You want to get straightened out in the world, and you recognize you are deserving of some punishment.

"A   Yes, deeply deserve it."

By the Court:

"Q   And is there anything you would like to say as to why you committed the offense with which you are charged or any of these other offenses?

"A   Frankly, I have been in trouble all my life, and I can't understand why I have been in the trouble. I am not trying to be—I am telling you the fact, when I tell you that, I have always wanted to live a normal decent life, but there is something in my personality or mind that prevents me from it."

It appears that the defendant, despite his aberrations, is a highly intelligent person and that he fully understood the elements and nature of the offense to which he entered a plea of guilty. He was represented by a competent public defender.

The thrust of defendant's complaint before the trial court, which he renews here, is that he was denied due process because of a variation between the complaint filed in the municipal court and the information filed later in the district court. He asserts that if the complaint had been expressed in the same language as the information, he would have demanded a preliminary hearing. We have examined both documents and

are satisfied that the variation between the language used in the complaint and the information is of no particular consequence. It cannot be seriously claimed that the defendant was misled or prejudiced. The same offense is charged in both instruments. Despite the minor variation in language used, both the complaint and the information fully informed the defendant of the elements of the offense intended to be charged and sufficiently apprised him of what he should have been prepared to meet; moreover, the substance of the offense was expressly stated in both instruments so as to avoid the danger of another prosecution for the same offense.

Since the information here fully, directly, and expressly, without uncertainty or ambiguity, set forth the elements necessary to constitute the offense intended to be punished and contained a statement of the essential facts constituting the offense charged, we conclude there is no merit to the objection raised on this appeal. Minn. St. 628.18 and 628.19; State v. Mancino, 257 Minn. 580, 102 N. W. (2d) 504; State v. Oman, 261 Minn. 10, 110 N. W. (2d) 514; State v. Kopetka, 265 Minn. 371, 121 N. W. (2d) 783; 9 Dunnell, Dig. (3 ed.) §§ 4359 to 4370; 22 C. J. S., Criminal Law, § 310.

Affirmed.