STATE v. HERMAN EVALD OLSON.

199 N. W. 2d 157.

June 23, 1972—Nos. 43081, 43129.

*C. Paul Jones,* State Public Defender, and *Patricia Belois,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Richard L. Gill,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and MacLaughlin, JJ.

PER CURIAM.

Defendant, convicted after a jury trial of burglarizing a television and appliance store in Wells, Minnesota, on the evening of August 30, 1970, Minn. St. 609.58, subd. 2(3), appeals from the judgment of conviction, raising a number of issues none of which we need discuss in detail.

A witness testified that on the evening in question he observed defendant carry a television set across the street near the store toward a parked car. The witness circled the block and returned to find that the car had departed. After checking and finding the door to the store open, he contacted the owner, who discovered that five television sets and a radio were missing. A short time later, a policeman in nearby Waseca, who had received a report describing defendant and his car, stopped defendant and observed five television sets in plain sight. In a subsequent search of the car pursuant to a search warrant, police also found a radio and a "pry bar." With only one minor discrepancy, the serial numbers of the merchandise matched those supplied by the owner from his files. On this record we must conclude that the evidence, viewed most favorably to support a finding of guilty, was sufficient to permit the jury to convict.

Defendant's claim that the original information, which was later amended, was fatally defective in that it misidentified the owner of the store as being the owner of the building in which it was housed, must fail in view of our decisions in State v. Hall, 286 Minn. 424, 176 N. W. 2d 254 (1970); State ex rel. Webber v. Tahash, 277 Minn. 302, 152 N. W. 2d 497 (1967); and State v. Clark, 270 Minn. 538, 134 N. W. 2d 857 (1965).

Defendant's other claims—that the search warrant was invalid, that he was prejudiced by the prosecution's failure to introduce into evidence the stolen but recovered television sets, and that he was denied adequate representation of counsel—are similarly lacking in merit, and no useful purpose would be served by our discussing them.

Affirmed.