STATE of Minnesota, Respondent,

v.

James Edward BRONSON, Appellant.

No. 47200.

Supreme Court of Minnesota.

Oct. 28, 1977.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Joseph B. Marshall, Sp. Asst. Atty. Gen., St. Paul, Robert A. Goldman, County Atty., Albert Lea, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of a charge of burglary, Minn.St. 609.58, and was sentenced by the trial court to a term not to exceed 5 years in prison. Defendant appeals from the judgment of conviction and from an order denying his post-trial motion for a new trial. The issues raised by defendant are (1) whether the structure he was alleged to have entered was a "building" within the meaning of Minn.St. 609.58, subd. 1(2), and (2) whether there was sufficient evidence to corroborate the accomplice testimony of defendant's brother. We affirm.

In October 1975, construction crews were at work in Albert Lea converting a basketball arena into a community ice arena, a project which involved tearing out one wall, lengthening the structure, and installing ice-making equipment and piping in the floor. One morning in October the subcontractor who was hired to install the ice-making equipment discovered that 250 to 300 feet of cable for an arc welding machine had been taken from inside the arena.

It was the state's contention that defendant and his brother committed the crime of burglary by unlawfully entering the arena with the intent of stealing property. Defendant's brother, testifying under a grant of immunity, was the state's key witness. He testified that defendant and he entered the structure at night through the open west end where the structure was being lengthened, went to the north end where the cable was located, and took the cable. This testimony was corroborated by the introduction of 20 to 40 feet of cable seized from defendant's apartment pursuant to a search warrant in late November. An employee of the subcontractor that owned the stolen cable could not distinguish the cable introduced into evidence from the cable that had been stolen, testifying that "it looked the same or similar" and had the same kind of electrode clamp on the end.

The troubling issue in this case is whether the structure is a "building" within the meaning of Minn.St. 609.58, subd. 2.[1] If not, defendant was improperly convicted of burglary because one of the elements of the crime of burglary is that there be an entry of a "building."

Minn.St. 609.58, subd. 1(2), defines "building" as follows:

" 'Building' includes a dwelling or other structure suitable for affording shelter for human beings or appurtenant to or connected with a structure so adapted, and includes portions of such structure as are separately occupied."

The leading case interpreting and applying this definition is State v. Gerou, 283 Minn. 298, 168 N.W.2d 15 (1969). In that case, after a careful examination of the history of the burglary statute, we concluded that the sole test of whether a structure is a "building" is whether the structure is "suitable for affording shelter for human beings." Applying this test, we held that a warehouse which did in fact afford shelter for the people who worked there was "suitable for affording shelter for human beings" and therefore was a "building" for purposes of the burglary statute.[2]

■ The instant case is close, but after careful consideration we conclude that the structure, although open at one end, retained its character as a "building" because it in fact provided shelter for the people who were working inside it. It is true that, as defendant argues, the shelter it provided was incomplete. However, an unheated warehouse of the type described in the Gerou case would not provide complete shelter from the elements to the people who worked there either, but nonetheless it would be a "building" for purposes of the burglary statute.

■ The second issue, relating to the sufficiency of the corroborating evidence of the accomplice testimony, gives us less difficulty. While the employee of the owner of the stolen cable did not positively identify the cable found in defendant's apartment, he testified that it was the same type of cable, and he was unable to distinguish it in any way. Under the circumstances, we hold that the evidence of defendant's possession of the cable sufficiently corroborated the accomplice testimony.

Affirmed.

WAHL, J., took no part in the consideration or decision of this case.

---

1. Minn.St. 609.58, subd. 2, provides, in part: "Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, or whoever remains within a building without the consent of the person in lawful authority, with intent to commit a crime therein, commits burglary * * *."

2. See, also, State ex rel. Webber v. Tahash, 277 Minn. 302, 152 N.W.2d 497 (1967), in which we held that a tool shed on a farm was not a "building" because, although capable, it did not suitably provide shelter for people.