**STATE of Minnesota, Respondent,**

v.

**Gary Allen VREDENBERG, Appellant.**

**No. 47629.**

Supreme Court of Minnesota.

March 24, 1978.

Ryan, Ryan, Ebert & Ruttger, and Max J. Ruttger, III, Brainerd, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., St. Paul, Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Grand Rapids, for respondent.

PER CURIAM.

This is a prosecution for burglary of three houseboats. We are presented with pretrial certification of a question which the district court considered doubtful and important (Rule 29.02, subd. 4, Rules of Criminal Procedure), specifically, whether the cabins on the three boats are "buildings" within the meaning of Minn.St. 609.58, subd. 1(2). The district court ruled that the cabins are "buildings" for purpose of the statute, and we affirm the order denying dismissal and remand for trial.

The structures which defendant is charged with burglarizing are three houseboats which, at the time of the alleged burglaries, October 19, 1976, were moored along with several others in a channel connecting two lakes in Itasca County. The cabins on the three boats range in size from approximately 16 by 9 feet to 24 by 10 feet. Each of the cabins contains sleeping, kitchen, and bath facilities; two of the cabins contain furnaces.

Minn.St. 609.58, subd. 2, provides in part:

"Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, or whoever remains within a building without the consent of the per-

son in lawful authority, with intent to commit a crime therein, commits burglary * * * ."

While it is true, as defendant contends, that one does not normally think of houseboats as being buildings, in applying the burglary statute one must look not to the dictionary definition of "building" but rather to the statutory definition.

Minn.St. 609.58, subd. 1(2), defines "building" as follows:

" 'Building' includes a dwelling or other structure suitable for affording shelter for human beings or appurtenant to or connected with a structure so adapted, and includes portions of such structure as are separately occupied."

Prior to the enactment of the Criminal Code of 1963, the burglary statute was found in Minn.St. 1961, c. 621. That chapter contained specific provisions defining "dwelling house" and "building." Minn.St. 1961, § 621.01, subd. 4, defined "building" as "every house, *vessel*, railway car, tent, shop, or other structure suitable for affording shelter for human beings, or appurtenant to or connected with a structure so adapted." (Italics supplied.) Thus, under the old statute a boat (or vessel) could be burglarized if it was suitable for affording human shelter.

The fact that Minn.St. 609.58, subd. 1(2), does not specifically include "vessel" within the definition of "building" does not mean that the legislature intended to exclude boats, as defendant contends. The aim of the drafters of the revised statute was to streamline the definition, not to omit certain structures from the protection of the statute. This is made clear by Advisory Committee Comment, 40 M.S.A. p. 535, which states that the new definition of "building" in § 609.58, subd. 1(2), "contains the substance of the definitions appearing in Minn.St. § 621.01, Subds. 3 and 4." It is also made clear by this court's statement in *State v. Gerou*, 283 Minn. 298, 302, 168 N.W.2d 15, 17 (1969), that "there was no intent to change the substantive law as to the type of building in which a burglary could occur."

■ The test of what is a "building" is the same under the revised statute as it was under the old statute: Is the structure suitable for human shelter? We have applied this test in a number of cases. In *State ex rel. Webber v. Tahash*, 277 Minn. 302, 152 N.W.2d 497 (1967), we held that a tool shed on a farm was not a "building" because, although capable of providing shelter for people, it was not suitable for that purpose. In *State v. Gerou, supra*, we held that a warehouse which, in fact, provided shelter for the people who worked there was suitable for human shelter. Recently, in *State v. Bronson*, Minn., 259 N.W.2d 465 (1977), we held that a basketball arena which was being converted into an ice arena was a building, even though one wall had been removed at the time of the alleged burglary, because it, in fact, provided shelter for the people who were working inside it.

■ Applying the test, we hold that on the record before us the cabins on the three houseboats are "buildings" for purposes of the burglary statute because they are, in fact, suitable for human shelter. Accordingly, the district court correctly denied the motion to dismiss.

Affirmed and remanded for trial.