In the Matter of the **WELFARE OF R.O.H., Child.**

No. C3-89-263.

Court of Appeals of Minnesota.

Aug. 8, 1989.

Timothy T. Ryan, Cambridge, for appellant.

Scott A. Hersey, Isanti County Atty., Cambridge, for respondent.

Considered and decided by NIERENGARTEN, P.J., and LANSING and SCHUMACHER, JJ., without oral argument.

## OPINION

SCHUMACHER, Judge.

A juvenile delinquency petition was filed alleging R.O.H. committed the offense of burglary in the third degree, and subsequently R.O.H. was adjudicated delinquent.

## FACTS

Prior to trial, the parties stipulated that R.O.H. took various items of personal property during a break-in of a mini storage unit leased by Marlin Mix from Isanti Mini Storage. The only issue which remained for trial was whether the mini storage unit was a "building" within the meaning of Minn.Stat. § 609.581, subd. 2.

Kory Erickson, Isanti County Deputy Sheriff, testified that the mini storage unit was approximately 8 feet by 10 feet, with a 10–12 foot ceiling. The walls were constructed of steel and the floor of cement, and the unit had an overhead garage-type door. The unit had no heat or air conditioning, no electricity, and no plumbing. There were no offices and no other buildings on the property.

Erickson testified that the storage units were capable of providing shelter from the elements and noted that some renters used them daily, including Mr. Mix, who used his storage unit to store stock for his retail business.

On the basis of this testimony the court determined that the mini storage unit was a building within the meaning of the burglary statute. R.O.H. argues that the storage unit does not comply with the statutory definition of a "building" and that the state has failed to prove an essential element of the crime charged.

## ISSUE

Is the mini storage unit a "building" within the meaning of the burglary statute?

## ANALYSIS

A burglary conviction can be sustained only if the building involved is within the statutory definition. *State v. Shore,* 289 Minn. 302, 307, 183 N.W.2d 776, 780 (1971), citing *State v. Hall,* 286 Minn. 424, 176 N.W.2d 254 (1970). The burglary statute defines a building:

Building. "Building" means a structure suitable for affording shelter for human beings including any appurtenant or connected structure.

Minn.Stat. § 609.581, subd. 2 (1988). The applicability of this definition to a specific structure has not been challenged on appeal since the definition was enacted in 1982.

However, the Minnesota Supreme Court considered several challenges under the pre–1982 definition of a "building." This definition provided that a "building" consisted of:

> [A] dwelling or other structure suitable for affording shelter for human beings or appurtenant to or connected with a structure so adapted * * *.

Minn.Stat. § 609.58 subd. 1(2) (1980).

In the first of these challenges, a toolshed on an unoccupied farm was not a "building" because it was not suitable for shelter even though it was capable of sheltering people. *State ex rel. Webber v. Tahash,* 277 Minn. 302, 306, 152 N.W.2d 497, 501 (1967). However, a large warehouse which provided shelter for workers was held to be suitable for affording shelter and was within the statutory definition of a "building." *State v. Gerou,* 283 Minn. 298, 302, 168 N.W.2d 15, 17 (1969). Similarly, in *State v. Bronson,* 259 N.W.2d 465, 466 (Minn.1977), a basketball arena which was being converted into an ice arena retained its character as a "building" because it provided shelter for the people who were working inside it even though the arena was open at one end and the shelter it provided was incomplete. In *State v. Walker,* 319 N.W.2d 414 (Minn.1982), a structure which was attached to a dairy barn in which the owner found shelter as he performed his daily farm chores was found to be a building under the statute.

Erickson testified that the mini storage unit was capable of providing shelter from the elements and that several renters visited the units on a daily basis. It is obvious that the purpose of the storage units, which is the storage of personal property, required that the units provide shelter from the elements.

We note further that "building" was originally defined as:

> [A]ny house, vessel, railway car, tent, shop, or other structure suitable for affording shelter for human beings, or appurtenant to or connected with a structure so adapted.

Minn.Stat. § 621.01, subd. 4 (1961). This definition, with specifically enumerated structures, was abandoned in favor of the more general definition at issue in the cases discussed above. *See* Minn.Stat. § 609.58, subd. 1(2) (1980). The present definition has completely eliminated any reference to dwelling, implying an intent that the definition of the word "building" not be limited by that concept.

We conclude that the storage unit is a structure suitable for affording shelter for human beings, and thus falls within the statutory definition of a building.

DECISION

Affirmed.