*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1933**

State of Minnesota,
Respondent,

vs.

Curtis Lamon Caradine,
Appellant

**Filed September 8, 2014
Affirmed
Worke, Judge**

Olmsted County District Court
File No. 55-CR-12-7275

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

In this appeal from his convictions of second- and third-degree controlled substance crimes, appellant argues that the district court erred by permitting the state to

impeach him with a prior felony conviction. He raises other challenges in a pro se brief. We affirm.

## D E C I S I O N

Appellant Curtis Lamon Caradine argues that the district court committed reversible error by permitting the state to impeach him during his testimony with a prior conviction of a second-degree controlled-substance crime. We review the district court's decision about whether a witness can be impeached by evidence of a prior conviction for an abuse of discretion. *State v. Hill*, 801 N.W.2d 646, 651 (Minn. 2011). Caradine has the burden of showing that the district court improperly admitted the evidence and that he was prejudiced as a result. *State v. Ness*, 707 N.W.2d 676, 685 (Minn. 2006). We will reverse the conviction only if the district court's erroneous admission of evidence substantially influenced] the jury's decision. *State v. Jackson*, 770 N.W.2d 470, 482 (Minn. 2009).

Minn. R. Evid. 609(a) provides that a witness's credibility may be attacked by evidence of a conviction of any crime of dishonesty or of a felony, if the probative value of using this evidence outweighs its prejudicial effect. Generally, "[e]vidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date." *Id.* (b). This rule governs impeachment of a defendant as well as other witnesses. *See State v. Williams*, 771 N.W.2d 514, 518 (Minn. 2009). The district court should make explicit findings supporting its impeachment decision, but a reviewing court may independently review the record to determine if the

2

district court abused its discretion. *State v. Craig*, 807 N.W.2d 453, 469 (Minn. App. 2011), *aff'd*, 826 N.W.2d 789 (Minn. 2013); *State v. Vanhouse*, 634 N.W.2d 715, 719 (Minn. App. 2001), *review denied* (Minn. Dec. 11, 2001); *see also* Minn. R. Evid. 609(a) 1989 comm. cmt. (stating that district court "should make explicit findings on the record as to the factors considered and the reasons for admitting or excluding the evidence").

In order to determine whether the probative value of the evidence outweighs the prejudicial effect of impeaching a witness with a prior felony conviction, the district court is directed to consider the *Jones* factors. *See State v. Jones*, 271 N.W.2d 534, 537-38 (Minn. 1978). These include:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue.

*Id.* at 538.

*Impeachment value*

Minnesota courts have consistently determined that even crimes not involving dishonesty have impeachment value because "impeachment by a prior conviction aids the jury by allowing it to see the whole person and thus to judge better the truth of the defendant's testimony." *Craig*, 807 N.W.2d at 469 (quotation omitted). In *Williams*, 771 N.W.2d at 519, the supreme court noted that permitting the jury to see the "whole person" aided it in evaluating the veracity of the defendant's testimony. Caradine's prior

3

felony conviction had impeachment value because it permitted the fact-finder to consider Caradine as a "whole person."

*Date*

Caradine argues that the district court's rejection of his 2003 assault conviction as too old to have impeachment value, coupled with its determination that his 2004 controlled-substance conviction was not, made little sense in light of the short period of time that elapsed between those two offenses. Minn. R. Evid. 609(b) prohibits the use of a conviction that is more than ten years old, but measures the age of the conviction from the date of conviction or the witness's release from confinement, "whichever is the later date." Caradine served an executed sentence for the 2004 controlled-substance conviction that concluded in 2009, or within four years before this trial.

*Similarity*

As to the third factor, the prior conviction is similar to the current offenses, which generally weighs against use of the prior conviction for impeachment because of the possibility that a jury may use the information substantively. *See State v. Gassler*, 505 N.W.2d 62, 67 (Minn. 1993). While this is a concern, it is not as great a concern when a case is tried, as it was here, to the district court instead of before a jury. *State v. Hofmann*, 549 N.W.2d 372, 376 (Minn. App. 1996), *review denied* (Minn. Aug. 6, 1996).

*Importance of testimony*

The fourth factor, the importance of the defendant's testimony, weighs against use of the impeachment evidence if it discourages the defendant from testifying. *Gassler*, 505 N.W.2d at 67; *Craig*, 807 N.W.2d at 470. But Caradine testified despite the district

4

court's ruling permitting use of his prior conviction for impeachment. *See id.* (noting that if fact-finder hears defendant's version of event, this factor weighs in favor of admissibility).

*Credibility*

The last factor, whether the defendant's credibility is a central issue, makes "a greater case . . . for admitting the impeachment evidence because the need for the evidence is greater." *State v. Ihnot*, 575 N.W.2d 581, 587 (Minn. 1998) (quotation omitted). Here, Caradine claimed that the confidential reliable informant (CRI) who purchased drugs from Caradine in three controlled buys lied during his testimony and that the CRI actually sold drugs to Caradine. Thus, credibility was a central issue, creating a "significant need for the admission of [the impeachment] evidence." *Gassler*, 505 N.W.2d at 67.

Considering all of the *Jones* factors, the district court did not abuse its discretion by permitting the state to impeach Caradine with his prior controlled-substance conviction. But Caradine argues that the district court failed to make adequate and specific findings on the *Jones* factors. *See Vanhouse*, 634 N.W.2d at 719 (concluding that "district court erred by failing to place its *Jones*-factor analysis on the record," but holding error was harmless because record demonstrated that district court properly analyzed impeachment request).

The district court's findings here are not specific and detailed:

> Based on the date and kind of the law value of impeachment,
> I'll keep out or exclude the assault in the second degree. The
> issue of the controlled substance crime in the second degree,

> looking at those issues about the value and the credibility, the concerning part, of course, is similarity so that someone is not convicted of a similar crime. But I find that the impeachment value is more probative than prejudicial. So, I'll allow the impeachment by controlled substance crime in the second degree noting that a release from prison would have been some time in '09 or about that.

But the context is critical. The prosecutor, in her motion to permit use of the conviction as impeachment, presented her argument based on the *Jones* factors; the district court's statement above was made in response to this argument. The transcript shows that the district court considered the *Jones* factors and made its decision by analyzing those factors. Based on the record, we conclude, therefore, that the district court did not abuse its discretion by permitting the state to impeach Caradine with his prior felony conviction.

Caradine filed a pro se supplemental brief and a pro se reply brief challenging his convictions. Caradine's arguments are difficult to interpret, but it appears that he is questioning the witnesses' credibility and alleging ineffective assistance of trial counsel.

The fact-finder is the exclusive judge of credibility, even when a trial is held to the court rather than to a jury. *State v. Super*, 781 N.W.2d 390, 396 (Minn. App. 2010), *review denied* (Minn. June 29, 2010). We assume that the district court believed the state's witnesses and disbelieved contrary evidence. *Id.* We therefore defer to the district court's credibility assessments here.

In order to sustain a claim of ineffective assistance of counsel, a defendant must show that "(1) his trial attorneys' performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for his attorneys' errors,

6

the outcome of the trial would have been different." *Hawes v. State*, 826 N.W.2d 775, 782 (Minn. 2013). Caradine alleges that his trial counsel was ineffective because he failed to challenge the absence of an audio recording from the August 7, 2012 controlled buy; police claimed that the audiotape was indecipherable. But the district court found Caradine not guilty of the charge arising out of the August 7 controlled buy because police failed to show an adequate chain of custody of the evidence. Therefore, there is no reasonable probability that the outcome of the trial would have been different.

**Affirmed.**