## STATE v. NICK WEIS.[1]

June 17, 1932.

No. 28,953.

[1]Reported in 243 N. W. 135.

*Theodore F. Neils,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Sam G. Gandrud,* County Attorney, for the state.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial after having been convicted of taking indecent liberties with a 16-year old girl.

■ The sufficiency of the evidence is challenged. But the girl's own version of the defendant's conduct presents a question for the jury, which evidently believed her. There were some things to corroborate her testimony. The evidence sustains the conviction.

■ In the motion for a new trial and here defendant claims error because the court made reference to the value of character testimony, "particularly in commenting on the fact testified to by them [witnesses] that they were customers of the defendant." No exception was taken to this part of the charge when given. The assignment in the motion for a new trial is vague and only as indicated. The charge as to character evidence may not be technically accurate. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2458. But the instructions are not assailed from that viewpoint. The court did not refer to them as customers of defendant. Defendant was a customer of one of the witnesses, and the acquaintance was apparently limited to such business relations. The court said:

"Two men have appeared here who appear to have had some business relations with the defendant for about a year or less."

That was true. In fact they disclosed very little opportunity to learn of defendant's reputation, and the record fails to indicate that they were testifying at all as to what they had heard anyone say about the defendant. The language used by the court which is the subject of this assignment cannot be made the basis for a reversal.

■ The claimed newly discovered evidence is not of such character as to indicate that any injustice has been done, and in all probability it would not produce a different result and was cumulative. It was insufficient to support a conclusion that a new trial should be granted. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2458.

■ Defendant made two requests which were denied. One was to the effect that it was necessary for defendant to be in the presence of the girl when she claims the acts were done. The other was that if the girl consented to the alleged misconduct defendant was not guilty. Obviously defendant could not be guilty if not present, and nonconsent is an element of the offense as defined by the statute, which was read to the jury. The general charge adequately covered every element of the crime, all of which had to be proved beyond a reasonable doubt. A defendant in a criminal case is not entitled to a complete, separate charge as to each element of the crime as defined by the statute. When the court in the general instructions covers the crime charged, as here, it should not ordinarily, upon request of defendant or otherwise, make a separate charge as to single or individual elements of the crime as here requested. Such a procedure would tend toward confusion and unduly emphasize some elements. There may be special cases where this may appear advisable and proper, but not in this one.

■ It is claimed that "the court erred in instructing the jury in its charge to regard with caution that part of the summation of defendant's counsel relating to the testimony of the prosecutrix on the preliminary hearing wherein the witness stated that she recognized defendant when she and the defendant were in defendant's automobile near Lake Ripley."

This assignment apparently relates to that portion of the instructions reading:

"It is also claimed that there is a slip in her story. We are not informed whether there is a slip in her story or not. We are not told what her testimony was before the justice except that answer made by her. Possibly that may have been a slip. The court does not know and you do not know; but you will take that question and answer and consider it in connection with all of the testimony in the case and say whether or not the defendant is guilty."

It would seem from the record that in the preliminary examination before a justice of the peace she answered a question, not disclosed by this record, to the effect that at the place where the offense was committed she said: "Another car came past and the lights shone in and I can swear it was Nick." Upon the trial in the district court she admitted that she made that statement, but insisted that she knew it was Nick before that and also recognized him under the lights from the other automobile. What she may have said in justice court was received for the purpose of impeachment, and the charge of the court referring to a "slip" in her story was apparently, and as indicated by appellant's counsel in arguing the case in this court, a reference to the argument made to the jury by defendant's attorney. The record does not support the claim that this instruction was error.

Affirmed.