## STATE v. WELDON FREDERICK SHORE.

183 N. W. (2d) 776.

February 2, 1971—No. 41533.

*C. Paul Jones,* State Public Defender, *G. Thomas MacIntosh II,* Assistant State Public Defender, and *Richard Allyn,* for appellant.

*Douglas M. Head,* Attorney General, and *Robert A. Peterson,* County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, Frank T. Gallagher, and Rosengren, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from convictions for burglary and theft entered by the district court following jury verdicts of guilty.

Early in the morning on September 2, 1967, there was a break-in at the Massey-Ferguson store in Crookston, Minnesota. In response to a call from the Crookston Police Department, the Minnesota Bureau of Criminal Apprehension sent Mr. Donald Koski to aid in investigation of the occurrence. Koski immediately ascertained that personal tools and an outboard motor had been taken from the store. During the course of investigation, he "lifted" several fingerprints from objects inside the store.

On October 20, 1967, Koski was advised by the bureau's fingerprint expert that one of the fingerprints "lifted" by him from a package of cigarettes displaced from a cigarette machine during the break-in had been identified as belonging to defendant, Weldon F. Shore. On October 27, 1967, Koski submitted an application for a search warrant to a judge of the Hennepin County Municipal Court. The application was supported by an affidavit signed by Koski which contained the following statements: Koski, as an agent for the Bureau of Criminal Apprehension, had investigated a burglary on request of Crookston police; his personal investigation had revealed that tools, some marked with the initials "D. P.", and an outboard motor had been stolen; he had discovered and "lifted" a latent fingerprint from a package of cigarettes displaced during the burglary and theft; he had read a report of the State Crime Laboratory which stated that

the fingerprint was identified as belonging to Weldon F. Shore; Koski had also read a report by a Minneapolis Police Department detective stating that Shore lived at 2223 Riverside Avenue and owned a 1959 Ford station wagon, and that neighbors had observed merchandise of various sorts being carried into the house at 2223 Riverside during the evening hours; Koski had personal knowledge that Shore was in Crookston at the time of the burglary and theft; a complaint had been signed against, and an arrest warrant issued for, Shore; and that Koski believed part or all of the property taken in the Massey-Ferguson burglary was located at 2223 Riverside Avenue.

The judge issued a search warrant directing a search of the premises on the first floor of 2223 Riverside Avenue for the tools and outboard motor as specified in the Koski affidavit.

Police officers in possession of both the arrest and search warrants "staked out" 2223 Riverside Avenue until the defendant arrived and entered the house. Defendant was arrested a short time later as he emerged from the house. After his arrest he was given a copy of the search warrant. A copy of the search warrant was then presented to the occupant of the premises, the house was searched, and various objects were taken into custody. An inventory of the items seized revealed that items other than those specifically listed in the warrant were taken into custody.

At a subsequent Rasmussen hearing, the admissibility of all seized objects was challenged on the grounds that (1) the search warrant was not issued upon probable cause, and (2) property not listed in the warrant was seized. The trial court ruled against defendant at the Rasmussen hearing.

At defendant's trial in the Polk County District Court, six of the seized objects were introduced over objection. Defendant also entered timely objection to the contents of the complaint, the information, the state's opening statement, and the jury instructions, made on the ground that they contained no contention that, and did not allow the jury to determine whether, the structure

broken into was a "building" as defined in Minn. St. 609.58, subd. 1(2).

The jury returned verdicts of guilty against defendant on charges of burglary (Minn. St. 1967, § 609.58, subd. 2[3]) and theft (Minn. St. 609.52, subd. 2[1]). Pursuant to the verdicts the trial court adjudged defendant guilty of these crimes and imposed concurrent sentences.

On this appeal defendant renews his objections to the admission into evidence of items seized on the grounds that (1) there was an insufficient showing of probable cause to sustain issuance of the search warrant, and (2) the objects introduced were not specified in the warrant. In addition, defendant assigns as prejudicial error the failure to submit to the jury the question of whether the Massey-Ferguson store is a "building" as that term is defined in § 609.58, subd. 1(2).

■ Defendant contends that the Koski affidavit, the sole basis for the issuance of the warrant, was primarily hearsay and that it did not satisfy the requirement for a showing of probable cause to justify issuance of a search warrant based on hearsay.

In the recent decision of State v. Pietraszewski, 285 Minn. 212, 172 N. W. (2d) 758, this court construed Spinelli v. United States, 393 U. S. 410, 89 S. Ct. 584, 21 L. ed. (2d) 637, as establishing a two-part standard by which a reviewing court can determine whether facts presented to a magistrate are sufficient to permit him to exercise independent judgment in the issuance of a search warrant. We said (285 Minn. 217, 172 N. W. [2d] 762):

"* * * First, facts which led the affiant to conclude that there was probable cause for a search must be presented in sufficient detail to permit the magistrate to make an independent determination as to the existence of probable cause. Second, the magistrate must be presented with the affiant's source of information, and where, as in this case, the source is other than personal observation, additional facts must be presented on which the

magistrate can independently judge the reliability of the source. We have applied this test in State v. Burch, 284 Minn. 300, 170 N. W. (2d) 543, and State v. Miernik, 284 Minn. 316, 170 N. W. (2d) 231."

Applying that test we conclude that this search warrant was issued in accordance with constitutional safeguards. The Koski affidavit, as summarized above, was sufficiently detailed to permit the magistrate to make an independent judgment of probable cause to search for the specified property, and the facts presented in the affidavit were sufficient to support the magistrate's finding of probable cause. State v. Pietraszewski, *supra;* State v. Bagley, 286 Minn. 180, 175 N. W. (2d) 448. In Minnesota, the second facet of the test is met upon a showing that the information in the affidavit was obtained from other police officers and from personal investigation. State v. Burch, 284 Minn. 300, 170 N. W. (2d) 543.

■ Defendant contends that the trial court erred in permitting the introduction of seized objects which were not specified in the search warrant.

At trial, the state introduced 6 objects seized from the premises at 2223 Riverside Avenue as state's Exhibits 2 through 7.

Exhibits 4, 6, and 7 were, respectively, 3/4″, 9/16″, and 5/8″ box and open-end wrenches bearing the engraved initials "D. P." The Koski affidavit and the search warrant listed "one set open-end and box wrenches" and further stated that "some of said tools [were] marked with initials 'D. P.'" These items were clearly admissible because they were seized pursuant to a description in the search warrant which was sufficiently specific.

The hand tools which the state presented as its Exhibits 2, 3, and 5, were apparently not specifically named in the search warrant although each item was engraved with the initials "D. P." These items were constitutionally seized and therefore admissible within the rule of this court in State v. Bagley, *supra.* In that case we upheld the admissibility of seized items, not enumerated in a search warrant, where those items were similar

to items which the owners of stores had on hand at the time of thefts therefrom. We there said (286 Minn. 193, 175 N. W. [2d] 456):

"While U. S. Const. Amend. IV provides that the warrant must particularly describe the things to be seized, it is nevertheless well established that, given a lawful search, some things may be seized in connection therewith that are not described in the warrant. [Citations omitted.]

"It will be noted that many of these decisions permit the introduction of evidence other than that for which the officers were searching, on the ground that the other evidence was contraband. The court below correctly ruled that it is proper to seize items not mentioned in the search warrant, especially where such items are stolen property or contraband."

■ Defendant assigns as prejudicial error the failure of the trial court to instruct the jury that for purposes of "burglary" in Minnesota, the statutory definition of "building" in Minn. St. 609.58, subd. 1(2), provides in relevant part:

"(2) 'Building' includes a dwelling or other structure suitable for affording shelter for human beings * * *."

It is his contention that this failure precluded a jury decision on an essential element of the crime of burglary.

Defendant correctly asserts that the crime charged should be defined in instructions to the jury. State v. Stockton, 181 Minn. 566, 233 N. W. 307. It is also true that a burglary conviction can be sustained only if the building involved is within the statutory definition. State v. Hall, 286 Minn. 424, 176 N. W. (2d) 254. Here, however, there is no doubt that this building is within the statutory definition. State v. Gerou, 283 Minn. 298, 168 N. W. (2d) 15. Thus, the only question is whether failure to allow the jury to determine that issue was error which requires a new trial. We hold that it is not.

The trial court instructed the jury as follows:

"* * * In order to establish the commission by the defendant

of the crime of burglary as charged in the first count of the information the State must prove each of the following elements of the charge: one, that on or about September 2nd, 1967, the defendant entered the building described in the information; two, that he entered the building without the consent of the Massey-Ferguson Company, a corporation, which was in lawful possession of the building; and three, that he entered the building with intent to commit a crime therein, namely, the crime of theft, that is, to steal."

The instructions as given and the objection to them bring this case within the rule enunciated in State v. Weis, 186 Minn. 342, 243 N. W. 135. In that case this court upheld the trial court's refusal to instruct that the defendant in an indecent liberties case had to be in the presence of a girl to commit the offense and that the consent of the girl is a valid defense. We said (186 Minn. 344, 243 N. W. 136):

"* * * The general charge adequately covered every element of the crime * * *. A defendant in a criminal case is not entitled to a complete, separate charge as to each element of the crime as defined by the statute. When the court in the general instructions covers the crime charged, as here, it should not ordinarily, upon request of defendant or otherwise, make a separate charge as to single or individual elements of the crime as here requested. Such a procedure would tend toward confusion and unduly emphasize some elements. There may be special cases where this may appear advisable and proper, but not in this one."

Affirmed.