**STATE of Minnesota, Respondent,**

v.

**Timothy McDONALD, Appellant.**

**No. C9–82–1586.**

Supreme Court of Minnesota.

April 6, 1984.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota County Atty., Hastings, for respondent.

SCOTT, Justice.

Defendant, who waived his right to a jury trial, was found guilty by the district court of a charge of burglary with tool, Minn.Stat. § 609.58, subd. 2(1)(a) (1982), and was sentenced to 25 months in prison. On this appeal from judgment of conviction defendant contends that his conviction should be reversed outright on the ground that the evidence that a burglary was committed was legally insufficient; alternatively, he seeks a new trial on the ground that the trial court erred in admitting eyewitness identification testimony which defendant challenged on due process grounds. We affirm.

Defendant's conviction was based on evidence that defendant, while aided by two accomplices, entered a drugstore during business hours but at a time when the pharmacy was closed and, without consent, entered a closed storage room that was off limits to the general public and from there tried to gain access to the locked pharmacy for the purpose of stealing controlled substances. We reject the state's contention that the evidence of burglary was complete upon entering that part of the store that was open to the public; the entry into that part of the store was with consent, pursuant to section 609.58, subd. 1(1). We uphold the conviction on the ground that the burglary was complete once defendant exceeded the scope of the consent given him and other members of the public and entered the storage room with intent to gain access to the locked pharmacy from there.

There is no merit to defendant's contention that the photographic identification procedures used by the police were so suggestive as to create a "very substantial likelihood of irreparable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). That being so, the trial court did not err in refusing to suppress the identification testimony.

Affirmed.