**Rahn DAVIDSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0810–CR–898.**

Court of Appeals of Indiana.

June 15, 2009.

Rehearing Denied Aug. 6, 2009.

Julie Ann Slaughter, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Rahn Davidson appeals his conviction of residential entry, a Class D felony, Ind.Code § 35–43–2–1.5.

We affirm.

### ISSUE

Davidson presents one issue for our review which we restate as: whether the State presented sufficient evidence to sustain Davidson's conviction of residential entry.

### FACTS AND PROCEDURAL HISTORY

Davidson was cohabitating with Sarah Ciriello. The relationship ended, and Ciriello moved to another residence. However, she allowed Davidson to store some of his belongings in the attached garage of her new residence. Subsequently, Davidson went to Ciriello's new residence to obtain his belongings from the garage. While Davidson was still gathering all of his things, Ciriello left for work and gave Davidson permission to finish collecting his things from the garage but gave him instructions not to enter the house. Davidson kicked in the kitchen door and used the kitchen phone to call Ciriello's cell phone.

Based upon this incident, Davidson was charged with residential entry. Following a bench trial, he was convicted of the charge. It is from this conviction that Davidson now appeals.

### DISCUSSION AND DECISION

■ Davidson contends that the State failed to show that he committed residential entry. In a trial before the bench, the court is responsible for weighing the evidence and judging the credibility of wit-

nesses as the trier of fact, and we do not interfere with this function on appeal. *O'Neal v. State,* 716 N.E.2d 82, 87 (Ind.Ct. App.1999), *reh'g denied, trans. denied.*

Davidson claims that because he had no intent to commit theft or another crime once inside the dwelling, his actions did not constitute residential entry. In addition, Davidson advances the argument that because an attached garage is considered part of a dwelling, he did not commit residential entry by forcing his way into the kitchen.

In asserting his lack of intent to commit an offense inside the dwelling, Davidson confuses the offenses of residential entry and burglary. The offense of burglary requires a breaking and entering *with the intent to commit a felony* in a dwelling, or building or structure of another. *See* Ind.Code § 35–43–2–1. The offense of residential entry requires only a knowing or intentional breaking and entering of the dwelling of another, and does not require the intent to commit a felony. *See* Ind.Code § 35–43–2–1.5. Thus, Davidson's argument on this issue fails.

In order to obtain a conviction for residential entry in this case, the State was required to present evidence that (1) Davidson (2) knowingly or intentionally (3) broke and entered (4) the dwelling of Ciriello. *See* Ind.Code § 35–43–2–1.5. At his bench trial, Davidson stipulated to kicking in the door and entering Ciriello's residence. Tr. at 14. However, Davidson maintains that he did not commit residential entry because he had permission to be in the attached garage. Davidson points out that Indiana case law holds that a garage is considered to be part of the dwelling for purposes of the burglary statute. Therefore, applying that rationale here, he posits he already had permission to be, and was, in the dwelling of Ciriello

such that he cannot be convicted of residential entry.

Our research reveals no Indiana cases dealing with this issue either in regard to the residential entry statute or in regard to the burglary statute. Therefore, we turn to cases from other jurisdictions. The fact that these cases involve the offense of burglary and not residential entry is of no moment. Our analysis, like theirs, focuses on the requirement that exists in both burglary and residential offenses: the existence of a separate dwelling or building.

In *State v. Cochran,* 191 Conn. 180, 463 A.2d 618 (1983), Cochran's niece invited him to the home where she was living with three other people. Cochran's niece and her daughter occupied the living room of the house, while two other women each occupied a bedroom. The bedroom doors were equipped with locks. Cochran stayed overnight at his niece's home. Prior to going to work the next day, Cochran's niece verified that the bedroom doors were locked. Cochran broke and entered one of the bedrooms and stole stereo equipment and cash. Based upon this incident, he was convicted of burglary in the third degree.

The Connecticut statute defined burglary in the third degree as entering or remaining unlawfully in a building with intent to commit a crime therein. *Cochran,* 463 A.2d at 621 n. 4. For purposes of this statute, the term "building" was defined as "any watercraft, aircraft, trailer, sleeping car, railroad car, other structure or vehicle or any building with a valid certificate of occupancy. Where a building consists of separate units, such as, but not limited to separate apartments, offices or rented rooms, any unit not occupied by the actor is, in addition to being a part of such building, a separate building." *Id.* at 621 n. 3. On appeal, Cochran argued that,

having been an invited guest in the home, he could not be convicted of burglary because the bedroom was not a separate "building" and that, therefore, his actions were more akin to criminal trespass or criminal mischief. The Connecticut Supreme Court determined that the individuals in the home occupied distinct parts of a building and that although Cochran was invited into the home, his invitation was never extended to the locked bedrooms. *Id.* at 621. The court pointed out that Cochran's niece specifically verified that the bedroom doors were locked before she left for work. *Id.*

The privilege to enter one section of a structure but not another was the basis for the decision of the Supreme Court of Minnesota in *State v. McDonald,* 346 N.W.2d 351 (Minn.1984). McDonald was convicted of burglary, and, on appeal, he argued that there was insufficient evidence for his conviction. McDonald's conviction was based upon evidence that he entered a drugstore during business hours, but at a time when the pharmacy was closed and, without consent, entered a closed storage room that was off limits to the general public and from there tried to gain access to the locked pharmacy. The court upheld the conviction because McDonald exceeded the scope of the consent given him and other members of the public by entering the off-limits area. *Id.* at 352.

Finally, in *Wesolic v. State,* 837 P.2d 130 (Alaska Ct.App.1992), Wesolic rented a room in a single-family residence. The rental agreement gave Wesolic access to the kitchen and the living room, but the other bedrooms and the garage were reserved only for the homeowner's use. These rooms were locked, and Wesolic's house key did not open these locks. While the homeowner was gone, Wesolic broke into the locked rooms and stole the homeowner's property. Wesolic was convicted of burglary, and, on appeal, the court was asked to determine whether a locked bedroom or garage can constitute a separate "building." The Alaskan burglary statute provided that a person commits burglary when he or she "enters or remains unlawfully in a building with intent to commit a crime in the building." *Wesolic,* 837 P.2d at 132. The Alaskan statutes also provided that the term "building" included "any . . . structure adapted for overnight accommodation of persons or for carrying on business." *Id.* The statute further specified that "when a building consists of separate units, including apartment units, offices, or rented rooms, each unit is considered a separate building." *Id.* The Court of Appeals of Alaska determined that the locked bedrooms and garage constituted a separate building from the rooms to which Wesolic had been given access and affirmed his conviction. *Id.* at 133.

■ Here, on appeal, Davidson makes the same argument made by Cochran. Davidson reasons that because he was already permissively in the "dwelling" of Ciriello at the time he was in the garage, he cannot be convicted of residential entry for kicking in the door and entering the kitchen because the kitchen was part of the dwelling.

We begin our analysis by noting the definition of "dwelling" as used in the residential entry statute. The term "dwelling" is defined as "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." Ind.Code § 35–41–1–10. We acknowledge that our case law recognizes entry into an attached garage as entry into a "dwelling" for purposes of the burglary statute. *See Minneman v. State,* 466 N.E.2d 438, 439–40 (Ind. 1984); *see also Gaunt v. State,* 457 N.E.2d 211, 213–14 (Ind.1983). However, we do

not believe that such recognition necessarily excludes the possibility that unlawful entry into another area of the dwelling will constitute the offense of residential entry.

At trial, Ciriello testified that the door separating the garage from the house had a deadbolt lock on it, and she had locked the door on that particular morning. (Tr. at 8 and 10). Ciriello had given Davidson permission to enter the garage, but he did not have permission to enter the residence. (Tr. at 9–10 and 13). This evidence shows there was a clear demarcation (i.e., a locked door) between the garage and the kitchen, and Davidson had permission only to enter the garage. Thus, where there is an evident boundary, for example a door that locks and was locked at the time of the incident, the area is not only a part of the whole dwelling, but also a separate structure or enclosed space. Therefore, we hold that the locked kitchen in Ciriello's residence constitutes a separate structure or enclosed space for purposes of Ind.Code § 35–41–1–10, and thus Davidson's unlawful entry into the kitchen constitutes the offense of residential entry.

In a footnote, the Connecticut Supreme Court warned against either a too rigid or a too relaxed application of its state's burglary statute. *See Cochran,* 463 A.2d at 621 n. 6. We heed their warning and apply their rationale in the present case. Davidson's argument that his entry into the kitchen of Ciriello's house does not constitute residential entry because he was already in the dwelling amounts to carte blanche for anyone who obtains consent to enter only a portion of a residence. Using Davidson's rationale, a person with consent to enter a portion of a residence can never be guilty of residential entry with respect to a separate portion therein, even when it involves something as significant as kicking in a dead bolted door. This is too rigid an application of our residential entry statute.

On the other hand, by our conclusion today we are not relaxing the requirements for a conviction of residential entry. More particularly, where, as here, the state seeks a conviction under the residential entry statute based upon unlawful entry of a separate structure or enclosed space within a dwelling, its burden includes a showing that any permission to be in one section of the dwelling did not extend to the separate structure where the state alleges the residential entry occurred. *See id.*

### CONCLUSION

Based upon the foregoing, we hold that the locked kitchen in Ciriello's residence constitutes a separate dwelling and that the evidence was sufficient to sustain Davidson's conviction of residential entry.

Affirmed.

NAJAM, J., and RILEY, J., concur.