**STATE of Minnesota, Respondent,**

v.

**Lionel LOPEZ, Appellant.**

A16-0947

Court of Appeals of Minnesota.

Filed April 24, 2017

Review Granted June 20, 2017

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Minnesota; Cheryl Hood Langel, Brian J. Kluk, Special Assistant Public Defenders, McCollum, Crowley, Moschet, Miller & Laak, Ltd., Minneapolis, Minnesota (for appellant).

Considered and decided by Stauber, Presiding Judge; Ross, Judge; and Rodenberg, Judge.

## OPINION

RODENBERG, Judge

Appellant was convicted of theft and first-degree burglary after he entered a motel room and took a cellular phone and wallet. He was staying in a different room in the motel that evening, and argues that he did not enter a "building" without consent, and that he is therefore not guilty of first-degree burglary. Because we hold that a motel room constitutes a structure suitable for providing shelter to human beings, and is therefore a "building" under the statutory definition, we affirm.[1]

## FACTS

On November 21, 2015, Z.D. and a co-worker rented a motel room at a motel in Willmar, Minnesota. Appellant Lionel Lopez, who was also staying in the motel, entered Z.D.'s motel room (which was apparently not locked) while Z.D. was in the shower and the coworker was not present. Appellant took Z.D.'s cellular phone and wallet (which contained $42) and returned to his own motel room.

Appellant was charged with theft and first-degree burglary in connection with this incident. He waived his right to a jury trial, and the case was tried to the court. The district court found appellant guilty of both counts, and sentenced him to serve 61 months in prison for the burglary and 365 days in jail for the theft, to be served concurrently. Appellant appeals his first-degree burglary conviction,[2] arguing that he did not enter a building without consent, because he had consent to enter the motel and Z.D.'s separate motel room is not a "building."

## ISSUE

Does entry of a motel room without consent constitute entry of a "building" under the burglary statute?

## ANALYSIS

This case comes down to the statutory definition of one word: building. The statute defining the crime of first-degree burglary provides:

> Whoever enters a building without consent ... and commits a crime while in the building, ... commits burglary in the first degree ... if ... the building is a dwelling and another person, not an accomplice, is present in it when the burglar enters. ...

Minn. Stat. § 609.582, subd. 1. Appellant does not dispute on appeal that he entered Z.D.'s motel room without consent, that he committed the crime of theft while within the motel room, that the motel room was being "used as a permanent or temporary residence,"[3] or that Z.D. was present in the motel room at the time. Appellant's only argument is whether, in the course of his theft, he entered a "building" without consent. Because the parties also agree that appellant had consent to enter the motel itself, because he had rented a different room, his conviction rests on whether Z.D.'s motel room is a "building."

The statute defines the term "building" as "a structure suitable for af-

1. Supplemental post-hearing briefing was ordered, received, and reviewed.

2. Appellant does not challenge his theft conviction.

3. Appellant challenges only whether the motel room is a "building" within the meaning of Minn. Stat. § 609.581, subd. 3 (2014). Appellant does not argue that, if it is a building, it is not a dwelling.

fording shelter for human beings, including any appurtenant or connected structure." Minn. Stat. § 609.581, subd. 2 (2014). "[A] burglary conviction can be sustained only if the building involved is within the statutory definition." *State v. Shore*, 289 Minn. 302, 307, 183 N.W.2d 776, 780 (1971). We therefore consider whether the statutory definition of "building" includes a motel room, which is a subunit of a larger building. "The scope of the conduct forbidden by a statute presents an issue of statutory construction, which this court considers de novo." *State v. Pederson*, 840 N.W.2d 433, 436 (Minn. App. 2013).

Appellant argues that, had the legislature intended the definition of "building" to include a subunit of a building, it would have included an express provision in the statutory definition to that effect. By way of example, appellant points to the definition of "building" applicable to arson, which states, "If a building consists of two or more units separately secured or occupied, each unit shall be deemed a separate building." Minn. Stat. § 609.556, subds. 1, 3 (2014). Appellant argues that the history of the burglary statutes supports the significance of the absence of such an express provision. Until 1983, the definition of "building" for purposes of burglary expressly included "portions of such structure as are separately occupied." *See* Minn. Stat. § 609.58, subd. 1(2) (1982) (defining "building"), *repealed by* 1983 Minn. Laws, ch. 321, § 4, at 2060. He argues that the removal of this provision supports his argument. Appellant also argues that holding that an individual motel room is a "building" under the burglary statute

would be to insert a definitional term that the legislature discarded decades ago.

The state argues that three cases have already analyzed the statute and have held that subunits of buildings can themselves be buildings for the purposes of the burglary statute. On careful examination, none of the cases proffered by the state addresses the statutory analysis on which appellant relies.

In *State v. McDonald*, the Minnesota Supreme Court affirmed a burglary conviction for an entry into a subunit of a building without consent, after an initial consensual entry of the building. 346 N.W.2d 351, 352 (Minn. 1984). Under the since-repealed 1982 statute, the statutory definition of "building" expressly included "portions of such structure as are separately occupied." Minn. Stat. § 609.58, subd. 1(2). Moreover, *McDonald* did not specifically address the definition of "building" when it considered the scope of consent within a building open to the general public. *McDonald* therefore does not answer the question here.

In *State v. Johnson*, the second case cited by the state, we determined that instructions to leave a bedroom within an apartment did not amount to withdrawal of consent to be in a "building" because the bedroom "was neither separately rented out nor a self-contained unit." 679 N.W.2d 378, 386 (Minn. App. 2004), *review denied* (Minn. Aug. 17, 2004). In so holding, we considered analyses from states with statutes expressly defining subunits as separate buildings for the purposes of burglary. *Id.*[4] The issue in *Johnson* was not the

4. *See Wesolic v. State*, 837 P.2d 130, 132 (Alaska Ct. App. 1992) (noting that the applicable statute expressly states, "when a building consists of separate units, including apartment units, offices, or rented rooms, each unit is considered a separate building" (quotation omitted); *State v. Peña*, 183 Or.App. 211, 51 P.3d 646, 649 (2002) (noting that if the statute provides that a building "consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building" (quotation omitted)).

definition of "building." The issue was one of consent, and we held that, where a person was told only to leave the bedroom, permission to be in the apartment as a whole was not withdrawn, and therefore the person did not remain "within a building without consent." 679 N.W.2d at 386.

The state also cites *State v. Beane*, where we affirmed a burglary conviction for entering an apartment and committing an assault. Without detailed statutory analysis of the definition of a "building," we stated that it is "well-established" that "an individual apartment within an apartment building may be considered a 'building' under the burglary statute." 840 N.W.2d 848 at 852 (Minn. App. 2013) (citing *McDonald*, 346 N.W.2d at 352; *Johnson*, 679 N.W.2d at 386; and *State v. Edwards*, 589 N.W.2d 807, 810-11 (Minn. App. 1999) (affirming a conviction for burglarizing an apartment), *review denied* (Minn. May 18, 1999)). But the issue in *Beane* was whether two burglary convictions were part of a single course of conduct. *Id.* at 853. Like *McDonald* and *Johnson*, *Beane* did not analyze the statute applicable here. None of these cases resolves the issue here.

 We therefore consider, as a matter of first impression, whether the current statutory definition of "building" for purposes of the crime of burglary encompasses subunits such as Z.D.'s motel room. "Construction of a criminal statute is a question of law subject to de novo review." *State v. Colvin*, 645 N.W.2d 449, 452 (Minn. 2002). Where the language of a statute is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (2016). To determine the plain meaning of a word or phrase, appellate courts rely on "common dictionary definition[s] of the word or phrase." *State v. Brown*, 792 N.W.2d 815,

822 (Minn. 2011). If, however, the statutory language is not clear, we must determine the intent of the legislature. Minn. Stat. § 645.16. "A rule of strict construction applies to penal statutes, and all reasonable doubt concerning legislative intent should be resolved in favor of the defendant." *Colvin*, 645 N.W.2d at 452.

We look first to the language of the statutory definition to determine if a motel room is "a structure suitable for affording shelter for human beings." The word "structure" is not separately defined by the burglary statute. In lay dictionaries, "structure" is broadly defined: a structure is "[s]omething constructed or built," *Webster's New International Dictionary* 2501 (2d ed. 1947); "[t]hat which is constructed; a combination of related parts, as a machine, a building, or a bridge," *Funk & Wagnalls New Standard Dictionary* 2401 (1945); or "[s]omething made up of a number of parts that are held or put together in a particular way," *The American Heritage Dictionary* 1718 (4th ed. 2000). Black's Law Dictionary similarly defines structure as "[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together." *Black's Law Dictionary*, 1650 (10th ed. 2014). The plain meaning of the word "structure" includes anything intentionally constructed from component parts.

The statutory definition of "building," however, is narrower: only a structure "suitable for affording shelter for human beings" qualifies as a "building" under the burglary statute. Minn. Stat. § 609.581, subd. 2. A motel room is intentionally constructed from the component parts of walls, a ceiling, and a door, for the express purpose of affording shelter for guests. It is precisely because a motel room is so constructed that a person rents such a room. A motel room is a building within the meaning of Minn. Stat. § 609.582.

We are mindful of the fact that the legislature modified the definition of "building" for the crime of burglary in 1983 and, in doing so, did not expressly provide that a separate unit "shall be deemed a separate building," as it did for arson. Minn. Stat. § 609.556, subd. 3. We are also mindful that our holding means that both a motel *and* a rented room within the motel qualify as a "building" for the purposes of the burglary statute. But inartful language is not necessarily ambiguous language. And we conclude that the statute as written unambiguously defines a motel room as a "building." We therefore need not engage in further statutory construction. *See Christianson v. Henke*, 831 N.W.2d 532, 538 (Minn. 2013) ("Concluding that the statute is unambiguous is determinative for the present question.").

Because we conclude that the statutory definition of building unambiguously includes motel rooms, we need not further address legislative intent.[5] The district court did not err in finding appellant guilty of first-degree burglary.

## DECISION

Because the definition of the word "building" in the burglary statute includes anything intentionally constructed from component parts that is suitable for affording shelter to human beings, we affirm appellant's conviction of burglary for entering Z.D.'s motel room without consent and committing theft.

**Affirmed.**

5. Even if we were to consider legislative intent, we think it impossible to discern any intent on the part of the legislature to define the term "building," and thereby limit the statutory prohibition of the crime of burglary, as appellant suggests. Under appellant's proposed definition, unconsented-to entry into an

STAUBER, Judge (dissenting)

I respectfully dissent.

I agree that this case hinges on whether the motel room qualifies as a separate building within a building under the burglary statute, but I disagree with the majority's decision to answer this question by alleging reliance on plain meaning. The commonly understood meaning of the word "building" is not such that any person would walk into a motel room and believe he or she has entered a separate building apart from the larger motel structure (building). Thus, I cannot conclude that a motel room is plainly included within the statutory definition of "building."

I look to the factors set forth in Minnesota law to determine legislative intent. Minn. Stat. § 645.16. In interpreting the statute, we may consider "the former law, if any." Minn. Stat. § 645.16 (5). Until 1983, the burglary statute's definition of "building" was "a dwelling or other structure suitable for affording shelter for human beings or appurtenant to or connected with a structure so adapted, and ... portions of such structure as are separately occupied." Minn. Stat. § 609.58, subd. 1 (1) (1982). This definition, if it was applicable, would answer the question we are asked to address in this appeal, as it seems to include sub-units of a building within the definition of "building." However, in 1983, the legislature overhauled the burglary statute and, in the process, changed the definition of "building." 1983 Minn. Laws ch. 321, § 1, at 2058. The definition we interpret today omits the phrase that explicitly referred to "separately occupied"

apartment unit by an occupant of another unit in the same complex would not be a burglary; an identical entry into the unit by a person who does not dwell in another unit within the same complex would be a burglary. That makes no sense.

portions of structures. Minn. Stat. 609.581, subd. 2 (2014). We must construe the legislature's actions as intentional, and assume it intentionally removed those key words of the definition. Additionally, it is clear that the legislature can and does define "building" to include subunits when it intends them to be included. *See* Minn. Stat. § 609.556, subd. 3 (2014) (defining building for the arson statute, stating "If a building consists of two or more units separately secured or occupied, each unit shall be deemed a separate building."). Accordingly, if the legislature intended to include sub-units within the definition of "burglary," it would not have deleted that clause from the definition. I would not read this term back into the statute. That is for the legislature, not the courts.

Because appellant did not enter a building without consent, I would reverse his first-degree burglary conviction.