GILDEA, Chief Justice.
The question presented in this case is whether appellant Lionel Lopez committed burglary when he entered another guest's hotel room without consent and committed a crime in that room. Following a court trial, the district court found Lopez guilty of first-degree burglary. A divided court of appeals affirmed Lopez's conviction. Because we conclude that a hotel guest commits a burglary if he or she exceeds the scope of consent by entering another *335 guest's hotel room and committing a crime while in the other guest's room, we affirm.
FACTS
This case arises from a theft at a motel in Willmar.[1] On the night of the theft, Z.D. was sharing a room with a co-worker. The co-worker left the room while Z.D. took a shower. Because they had only one key to their room, Z.D. left the door opening onto the hallway unlatched while he showered. When Z.D. finished his shower, he discovered that his cell phone and wallet were gone, and he called the police.
The State's evidence established that on the night of the theft, Lopez was also a guest at the hotel and was seen wandering the halls and checking hotel room doors to see if they were locked. When he came to Z.D.'s room, Lopez found the door unlatched and entered the room. Lopez took a cell phone and a wallet containing $42 in cash that he found in Z.D.'s room.
Following an investigation, the State charged Lopez with first-degree burglary, Minn. Stat. § 609.582, subd. 1(a) (2016), and theft, Minn. Stat. § 609.52 (2016). Lopez waived his right to a jury trial, and following a bench trial, the district court found Lopez guilty of both offenses.
On appeal, Lopez argued that the State failed to prove an essential element of burglary: that he entered a building without consent.[2] Specifically, Lopez contended that although a hotel is unquestionably a building, the individual rooms within it are not separate buildings. Lopez argued that, because he was a paying guest at the hotel, he had consent to enter the hotel building and therefore could not commit burglary while in the hotel. The State disagreed with Lopez's interpretation of the burglary statute and argued that an earlier case addressing the scope of consent, State v. McDonald , 346 N.W.2d 351 (Minn. 1984), controlled. A divided court of appeals affirmed Lopez's burglary conviction. State v. Lopez , 897 N.W.2d 295, 299 (Minn.App. 2017). We granted Lopez's petition for review.
ANALYSIS
On appeal, Lopez argues that his burglary conviction should be reversed because the evidence is insufficient. We use the same standard of review to evaluate the sufficiency of the evidence in bench trials and jury trials. State v. Palmer , 803 N.W.2d 727, 733 (Minn. 2011). We will not overturn a verdict, " 'if, giving due regard to the presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt, the jury could reasonably have found the defendant guilty of the charged offense.' " State v. Chavarria-Cruz , 839 N.W.2d 515, 519 (Minn. 2013) (quoting State v. Leake , 699 N.W.2d 312, 319 (Minn. 2005) ). In determining whether the evidence presented is sufficient, "it is often necessary to interpret a criminal statute." State v. Vasko , 889 N.W.2d 551, 556 (Minn. 2017).
Lopez grounds his sufficiency-of-the-evidence argument in the first-degree burglary statute, and he contends that the State *336 failed to prove an essential element of first-degree burglary. In order to prove that Lopez committed first-degree burglary, the State must prove, among other things, that Lopez "enter[ed] a building without consent and with intent to commit a crime, or enter[ed] a building without consent and commit[ed] a crime while in the building." Minn. Stat. § 609.582, subd. 1 (2016). A building, in turn, is defined as "a structure suitable for affording shelter for human beings including any appurtenant or connected structure." Minn. Stat. § 609.581, subd. 2 (2016).
Lopez argues that he did not commit burglary when he entered Z.D.'s hotel room because, as a guest of the hotel, he had permission to be in the hotel building. He contends that Z.D.'s hotel room was not a separate building but was rather part of the hotel building, a building in which Lopez had consent to be. Lopez also argues that a hotel room cannot be a separate building because that would be contrary to the common understanding of what the word "structure" means. Instead, he claims that a hotel room is merely a connected structure located within the overall hotel building, rather than a separate building.
The State disagrees with Lopez's interpretation, and contends that Z.D.'s hotel room was a separate building under the burglary statute. Because "structure" means anything assembled out of component parts, and a hotel room is a structure suitable for affording shelter to human beings, the State argues that each hotel room is a separate building. Independent of its statutory interpretation argument, the State urges us to affirm Lopez's conviction based on our analysis in State v. McDonald , 346 N.W.2d 351 (Minn. 1984).
It is not necessary to resolve the statutory interpretation issue the parties present in this case.[3] Even if we assume *337 that Lopez's interpretation is correct-that a hotel room is not a separate building under the definition of building in Minn. Stat. § 609.581, subd. 2-we agree with the State that McDonald is dispositive.
The defendant in McDonald entered a drugstore during business hours, but at a time when the pharmacy inside was closed. Id. at 352. He went into a storage area "that was off limits to the general public and from there tried to gain access to the locked pharmacy for the purpose of stealing controlled substances." Id. Under the statute in effect at that time, a person committed a burglary if he or she, among other things, "enter[ed] a building without consent ... [and] with the intent to commit a crime in it." Minn. Stat. § 609.58, subd. 2 (1982).
We affirmed McDonald's burglary conviction. McDonald , 346 N.W.2d at 352. In so doing, we did not decide if the storage room constituted a separate building under the burglary statute. Instead, we held that the burglary was complete once McDonald exceeded the scope of his license to be present in the drugstore by entering a nonpublic area of the store-the storage room-with the intent to commit a crime. Id. We recognized that consent to enter a building may be limited to specific areas. Accordingly, a person enters a building without consent under the burglary statute when he or she enters a portion of a building where they do not have permission to be. Consistent with our analysis in McDonald , because Lopez entered a space where he did not have permission to be-Z.D.'s room-and committed a crime in that room, he was guilty of burglary.
Lopez argues that McDonald is distinguishable because the burglary statute defines "building" differently now than it did when McDonald was decided. The State argues that the difference in the statutory definition of "building" is not relevant. The State contends that McDonald simply established a rule that if a person exceeds the scope of the consent and then commits a crime, it is a burglary. We agree with the State.
Lopez is correct that the prior version of the burglary statute specifically defined a building to be both a structure suitable for affording shelter for human beings and a separately occupied portion of such a structure. The current version of the statute uses different language to define "building." Compare Minn. Stat. § 609.58, subd. 1(2) (1982) (" 'Building' includes a dwelling or other structure suitable for affording shelter for human beings ... and includes portions of such structure as are separately occupied .") (emphasis added), with Minn. Stat. § 609.581, subd. 2 (2016) (" 'Building' means a structure suitable for affording shelter for human beings including any appurtenant or connected structure."). This difference is immaterial to the continued validity of McDonald for two reasons.
First, the provision in the definition of building that "include[d] portions of such structure as are separately occupied," Minn. Stat. § 609.58, subd. 1(2) (1982), was not at issue in McDonald . McDonald committed a burglary when he entered a nonpublic storage area of a drugstore, without consent and with the intent to commit a crime. See McDonald , 346 N.W.2d at 352. This storage area was not a separately *338 occupied portion of a structure suitable for affording shelter for human beings, it was a part of such a structure-the drugstore. Our holding in McDonald did not depend in any way on the fact that the statutory definition of "building" at the time included a separately occupied portion of a structure. See id.
Instead of focusing on the nature of the building in McDonald , we focused on consent. We held "that the burglary was complete once defendant exceeded the scope of the consent given him and other members of the public and entered the storage room" with the intent to commit a crime. Id. We recognized that a building open to the public may still have portions of it that are not open to the public and that a person enters a building without consent if he or she enters a portion of a building that is not open to the public. See id.
Second, the portions of the burglary statute at issue in McDonald have remained the same since that case was decided, with only minor stylistic changes. Today, what constitutes "enter[ing] a building without consent" means exactly what it did in 1983. Compare Minn. Stat. § 609.581, subd. 4 (2016), with Minn. Stat. § 609.58, subd. 2 (1982). As a result, based on McDonald , if a person enters a structure that is a building under the statutory definition, and exceeds the scope of consent with the intent to commit a crime therein, he or she would commit a burglary under either the previous or present version of the statute.
Applying the rule from McDonald to the facts of this case, Lopez undeniably had the hotel's consent to be present in the hotel's common areas and the room he rented for the night, but he did not have consent to enter other, non-public areas of the hotel.[4] When Lopez entered Z.D.'s hotel room, he exceeded the scope of his consent to be present in the hotel building. Lopez therefore entered a building without consent when he entered Z.D.'s hotel room, and then when he stole Z.D.'s property while in Z.D.'s room, he committed a burglary. We therefore hold that the evidence was sufficient to sustain Lopez's conviction.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.
Concurring, Lillehaug, Chutich, and McKeig, JJ.
CONCURRENCE

The conduct at issue here occurred at the Super 8 Motel in Willmar, Minnesota. A motel traditionally has rooms that open directly onto a parking lot, with no common, shared space besides the lobby on the property. See American Heritage Dictionary of the English Language 1178 (3d ed. 1996). In contrast, a hotel traditionally has rooms that open into a common or shared space within the building. Motel , Wikipedia (last updated Sep. 5, 2017 7:59 AM), https://en.wikipedia.org/w/index.php?title=Motel& oldid=799038666 [opinion attachment]. The Super 8 Motel in Willmar has the layout of a hotel and to avoid confusion, we refer to it as a hotel.

Lopez is not appealing his theft conviction.

The concurrence does not resolve the statutory question the parties present either. Rather than answer the question the parties present-whether a hotel room is a "building" under Minn. Stat. § 609.581, subd. 2-the concurrence applies a different provision in the statute. Specifically, the concurrence interprets the phrase "enters a building without consent" in Minn. Stat. § 609.582, subd. 1. Even if it were proper to reach an issue the parties do not raise, our precedent does not support the concurrence's interpretative analysis.
After concluding that the phrase it interprets is ambiguous, the concurrence looks to the canons of construction in an effort to resolve the ambiguity. But the canons the concurrence cites do not support the concurrence's proposed resolution of the ambiguity. The concurrence cites the whole-statute canon and then looks to the second-degree burglary statute, Minn. Stat. § 609.582, subd. 2. Because the crime of second-degree burglary is included in the same statute as first-degree burglary and second-degree burglary includes "portions" of a building, the concurrence concludes that first-degree burglary must include "portions" of a building as well. The problem with this analysis is that first-degree burglary is defined differently than second-degree burglary, and our precedent holds that " 'when different words are used in the same context, we assume that the words have different meanings' " State v. Nelson , 842 N.W.2d 433, 439 (Minn. 2014) (quoting Dereje v. State , 837 N.W.2d 714, 720 (Minn. 2013) ) (citing Transp. Leasing Corp. v. State , 294 Minn. 134, 199 N.W.2d 817, 819 (1972) ).
The concurrence also turns to the former burglary statute, which as the concurrence notes, included "portions of such structures as are separately occupied." Because the old statute included this phrase, the concurrence inserts the phrase back into the amended statute. But when the Legislature amends a statute, we presume that the Legislature changed the law. Braylock v. Jesson , 819 N.W.2d 585, 588 (Minn. 2012). This presumption can be overcome only if there is evidence that the Legislature did not intend to change the law. See State v. Vredenberg , 264 N.W.2d 406, 407 (Minn. 1978) (citing the Advisory Committee Comment to the amended burglary statute as "ma[king] clear" that "[t]he aim of the drafters of the revised statute was to streamline the definition, not to omit certain structures from the protection of the statute"). As the concurrence acknowledges, there is no expression here from the Legislature that overrides the presumption. Moreover, the substantive changes the concurrence cites raise doubts about the concurrence's conclusion that the amendments to the burglary statute were mere "streamlining."

Lopez acknowledged in his brief that he "had consent to enter the motel in which he was staying as a guest, but not to enter all of the separate rented rooms within that motel."